

September 12, 2024

**Via ECF:**
Hon. J. Paul Oetken, J.S.C.

          Re:    *Division 5, LLC v. Fora Financial Advance LLC*
                 Case No.:24-cv-06870
                 Defendant's Objection To Temporary Restraining Order

Dear Judge Oetken:

      My office was retained today to represent Defendant, Fora Financial Advance, LLC ("Fora").  We write in opposition to the Temporary Restraining Order ("TRO") requested by Plaintiff, Division 5, LLC, which seeks to immediately void any and all UCC 9-406 Assignment Notices issued by my client to account debtors on an *ex parte* basis, thereby depriving my client of its contractual and statutory rights without even the benefit of a hearing.  In doing so, Plaintiff seeks to deprive my client of any possibility of relief on the merits.

      As detailed below, and despite having the benefit of only the shortest amount of time to review this matter[1], it is facially apparent Plaintiff's motion is entirely devoid of merit.  In summary, the Court should deny Plaintiff's request for a TRO because: a) Plaintiff has sued and seeks to enjoin the wrong Fora entity; b) the Court lacks personal jurisdiction over Fora; c) this case is subject to mandatory arbitration; and d) Plaintiff's motion fails every prong required for injunctive relief.  Plaintiff has utterly failed to meet its *prima facie* burden of demonstrating that: a) imminent irreparable harm will occur in the absence of a TRO; b) a likelihood of success on the merits; and c) a balance of equities that favor entry of a TRO.  On the contrary, at the present date, it is a mathematical fact that Plaintiff has financially benefitted at the expense of Fora and its assignee to the tune of tens of thousands of dollars.  Plaintiff's request for an *ex parte* is comprised of bare assertions and legal conclusions, is premised upon a misapprehension of the law, and is little more than an attempt to further compound the extensive financial harms Plaintiff has caused to Fora's assignee.

### I. Preliminary Hurdles That Are Fatal To Plaintiff's TRO Request.

      Preliminarily, there are three immediate issues that are fatal to Plaintiff's TRO application.  First, Fora has not even been served process in this case and, as such, it is not even subject to personal jurisdiction.  Second, Plaintiff has sued the wrong party because Fora assigned its rights under the contract to Fora Financial Warehouse, LLC (the "Assignee") on June 30, 2023.  Thus, both the Complaint and Plaintiff's motion are directed against the wrong company. Valid service of process is a prerequisite to the exercise of personal jurisdiction over a defendant.  *AICPA v*

---

[1] We apologize for the length of this letter but Fora has been forced to scramble on limited notice.  We would have attempted to distill this down into a shorter letter objection had Fora had more time to respond.

 170 Old Country Road
Suite 608
Mineola, New York 11501
     Office: 516-260-7367
     cmurray@murraylegalpllc.com
www.murraylegalpllc.com

*Affinity Card*, 8 F. Supp. 2d 372 (S.D.N.Y. 1998). Personal jurisdiction is a prerequisite to granting injunctive relief. *Natl. Union Fire Ins. Co. v Kozeny*, 115 F. Supp. 2d 1231, 1236 (D. Colo. 2000). Third, **any dispute in this matter is subject to mandatory arbitration and both Fora and the Assignee explicitly demand arbitration of all matters in dispute**.[2] "A court does not have the power to allow an action at law upon a contract to proceed when the parties have provided by the contract that the exclusive remedy for any dispute that may arise thereunder is settlement by an arbitration proceeding." *Adelphi Enterprises, Inc. v. Mirpa, Inc.*, 33 A.D.2d 1019 (2d Dept. 1970). The Federal Arbitration Act provides that arbitration agreements "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. Plaintiff's own exhibit makes clear that the arbitration clause " includes all claims even indirectly related to your application and agreement(s) with us" and further "includes claims about whether to arbitrate." ECF Doc. 5-5, p.11, Section 21. Given the Court's lack of jurisdiction, Plaintiff's suit against the wrong entity, and the fact that this case is subject to mandatory arbitration, the Court should decline to even sign the proposed Order to Show Cause.

## II. Plaintiff's TRO Application Is Facially Meritless

Moving into the substance of Plaintiff's application reveals still more infirmities that are fatal to Plaintiff's application."[A] preliminary injunction is an extraordinary remedy that should not be granted as a routine matter." *JSG Trading Corp. v. Tray-Wrap, Inc.*, 917 F.2d 75, 80 (2d Cir. 1990). *Accord Winter v. NRDC, Inc.*, 555 U.S. 7, 24, 129 S. Ct. 365 (2008) (a preliminary injunction is "never awarded as of right"). Generally, "a party seeking a preliminary injunction must ordinarily establish: (1) irreparable harm; (2) either (a) a likelihood of success on the merits, or (b) sufficiently serious questions going to the merits of its claims to make them fair ground for litigation, plus a balance of the hardships tipping decidedly in favor of the moving party; (3) that the balance of hardships tips in its favor; and (4) that a preliminary injunction is in the public interest." *New York ex rel. Schneiderman v Activas PLC*, 787 F.3d 630, 650 (2d Cir. 2015), *cert. dismissed sub nom., Allergan PLC v. New York ex rel. Schneiderman*, 136 S. Ct. 581 (2015) (citations omitted); *Benihana, Inc. v. Benihana Tokyo, LLC*, 784 F.3d 887, 895 (2d Cir. 2015). The Plaintiff's application fails on each and every ground.

### A. Plaintiff Has Not And Cannot Demonstrate Irreparable Harm.

Irreparable harm is "the single most important prerequisite for the issuance of a preliminary injunction." *Faiveley Transp. Malmo AB v. Wabtec Corp.*, 559 F.3d 110, 118 (2d Cir. 2009); *Rodriquez ex rel. Rodriquez v. DeBuono*, 175 F.3d 227, 234 (2d Cir. 1999); *Fireman's Ins. Co. v. Keating*, 753 F. Supp. 1146, 1150 (S.D.N.Y. 1990) ("The Second Circuit has repeatedly stressed the importance of a showing of irreparable harm by the movant."). The Second Circuit has consistently stressed that in order to be deemed "irreparable," the harm alleged by the movant

---

[2] A search of Plaintiff's motion with exhibits is clear that arbitration is the only proper venue as the root word "Arbitrat-" appears at least 102 times. Moreover, Plaintiff does not allege that it ever opted out of arbitration or provide any proof of same.

 170 Old Country Road
Suite 608
Mineola, New York 11501     Office: 516-260-7367     cmurray@murraylegalpllc.com
www.murraylegalpllc.com

"must be one requiring a remedy of more than mere monetary damages." *Tucker Anthony, supra*, 888 F.2d at 975. *Accord Huntington v. Marsh*, 884 F.2d 648, 651 (2d Cir. 1989), *cert. den'd,* 494 U.S. 1004 (1990); *Jackson Dairy, Inc. v. H.P. Hood & Sons, Inc.*, 596 F.2d 870, 72 (2d Cir. 1979) ("Irreparable injury means injury for which a monetary award cannot be adequate compensation."). Furthermore, "to establish irreparable harm, plaintiffs must demonstrate 'an injury that is neither remote nor speculative, but actual and imminent.'" *Tucker Anthony, supra*, 888 F.2d at 975 (*quoting Consolidated Brands, Inc. v. Mondi*, 638 F. Supp. 152, 155 (E.D.N.Y. 1986). *Accord Kaplan v. Board of Education*, 759 F.2d 256, 259 (2d Cir. 1985). Irreparable harm cannot be established by a few conclusory paragraphs. *Atari Interactive, Inc. v Printify, Inc.*, 2024 US Dist LEXIS 13363 (S.D.N.Y. Jan. 25, 2024)

Plaintiff's motion is devoid of any actual evidence of irreparable harm. Their entire motion hinges upon a conclusory assertion that unless they receive $90,000 from account debtors, their business will close. ECF Doc. 5-2, p.5. Absent from Plaintiff's motion is a balance sheet or a profit and loss statement showing the financial state of Plaintiff's business. Further, there is no description of their assets versus liabilities. Further, there is no explanation as to why $90,000 is essential. What are Plaintiff's Payroll obligations? What are its other obligations? Why are these obligations necessary to remain in business? Does Plaintiff have access to credit or capital infusion from its shareholders or other equity investments? What has Plaintiff done to try and pay these unidentified expenses? Can these expenses be delayed? Why are there no specific dollar amounts anywhere? Plaintiff's submissions identify no particular receivables, expenses, nothing. Stripped of the hyperbole and conclusions, Plaintiff's entire position is that Fora's Assignee might be paid up to $90,000 of the $190,222.49[3] to which Fora's Assignee is currently due and, somehow, Plaintiff paying less than half of what is due to Fora's Assignee is essential.

Plaintiff's conclusory submission is not sufficient to even approach their *prima facie* burden for injunctive relief on a TRO.

### B. Plaintiff Has No Likelihood Of Success On The Merits.

Plaintiff's submission also fails the likelihood of success on the merits prong. Preliminarily, Plaintiff's motion never once mentions that Fora's Assignee is both contractually and statutorily entitled to send UCC 9-406 Assignment Notices to account debtors. Indeed, Plaintiff's motion is devoid of the controlling law. N.Y. UCC 9-406(a) endows purchasers of accounts receivable, chattel paper, and payment intangibles to collect directly from the seller's account debtors. In doing so, Plaintiff fails to advise the Court that it seeks to strip Fora's Assignee of its statutory rights. Moreover, Plaintiff fails to even mention that it authorized and acknowledged Fora's Assignee to utilize this procedure in the contract. ECF Doc. 5-5, p.6, Section 1.6. Plaintiff's motion seeking to invalidate Fora's Assignee's actions arises from Fora's Assignee's exercise of its express statutory and contractual rights. The likelihood of success on Plaintiff's application to void Fora's Assignee's UCC 9-406 Assignment Notices is essentially non-existent

---

[3] Plaintiff does not actually bother to inform the Court of the balance due to Fora's Assignee.

 170 Old Country Road
Suite 608
Mineola, New York 11501

 Office: 516-260-7367

cmurray@murraylegalpllc.com
www.murraylegalpllc.com



where Plaintiff's application concedes by its silence that Fora's Assignee has the right to take these actions.

### i. Plaintiff's First Claim Is Facially Meritless.

Plaintiff's first claim for a declaration that the agreement was a loan that is void for usury fails as a matter of law. Business entities are barred from asserting usury as the basis of a claim for affirmative relief. *See Paycation Travel v. Glob. Merch. Cash*, 192 A.D.3d 1040 (2d Dept. 2021). Claims seeking a judgment declaring that a transaction was void for usury, restitution of alleged usurious interest, or enjoining a party from collecting money seek to impose the "harsh penalty" available only on a usury claim. *Freitas v. Geddes Sav. & Loan Ass'n*, 63 N.Y.2d 254, 261 (1984); *Roopchand v. Mohammed*, 154 A.D.3d 986, 988 (2d Dept. 2017). Plaintiffs cannot circumvent the prohibition against asserting a claim for usury by affixing different labels to their claims but then relying upon usury laws to seek the relief they request. *Intima-Eighteen, Inc. v. A.H. Schreiber Co.*, 172 A.D.2d 456, 457 (1st Dept. 1991) ("[A] party may not accomplish by indirection what is directly forbidden to it.").

Furthermore, Plaintiff's usurious loan argument fails as a matter of law because the transaction was not a loan subject to usury laws. Under New York law, it is axiomatic that a contract cannot be usurious if, as here, it is not a loan. *See, e.g.*, *Seidel v. 18 E. 17th St. Owners*, 79 N.Y.2d 735, 744 (1992) ("Usury laws apply only to loans or forbearances, not investments."); *Principis Cap., LLC v. I Do, Inc.*, 201 A.D.3d 752, 754 (2d Dept. 2022) ("where there is no loan, there can be no usury," rejecting usury challenge to purchase and sale of future receivables agreement as a matter of law) (quoting *LG Funding,* 181 A.D.3d at 665); *Donatelli v. Siskind*, 170 A.D.2d 433, 434 (2d Dept. 1991) (same).

Fora's Agreements have consistently been held to be not a loan subject to usury laws. *Fora Financial Funding, LLC v. Nathan's Realty, LLC*, 2024 N.Y. Misc. LEXIS 3005, at *2 (Sup. Ct. Nassau Co. 2024) (". . . the plaintiff has established as a matter of law that the agreement is a 'revenue purchase agreement' or 'merchant cash advance agreement' rather than a loan . . . conclusory assertions of [defendants'] counsel, who lacks personal knowledge of the facts, are of no probative or evidentiary significance.") (citations omitted); *Fora Fin. Asset Securitization 2021, LLC v. Elite TXP Servs. LLC*, 2024 N.Y. Misc. LEXIS 2834, at *10-11 (Sup. Ct. Nassau Co. 2024) ("Defendants' argument that the agreement at issue is a usurious, unenforceable loan is unavailing . . . as the agreement is not a loan, defendants' argument that it is unenforceable is without merit.") (citations omitted); *Fora Fin. Funding, LLC v. Reel Appeal Sport Fishing L.L.C*, 2024 N.Y. Misc. LEXIS 1616, at *3 (Sup. Ct. Nassau Co. 2024) ("The law is clear in New York that a Purchase and Sale of Future Receivables Agreement (Revenue Advance) is not a loan and the usury laws do not apply."); *Fora Fin. Asset Securitization 2021, LLC v. Hialeah FL Parts Inc*, 2024 N.Y. Misc. LEXIS 1921, at *5 (Sup. Ct. Nassau Co. 2024) (". . . the transaction set forth in the parties' agreement is not a loan . . .") (citations omitted); *Fora Financial Advance, LLC v. Doorectory Inc*, 2024 N.Y. Misc. LEXIS 1285, at *3-4 (Sup. Ct. Nassau Co. 2024) (". . . the Agreement does not contain an interest rate scheduled, there is no fixed time by which the defendants are required to remit payments, there is a clause stating that bankruptcy does not constitute a breach of the

 170 Old Country Road
Suite 608
Mineola, New York 11501

Office: 516-260-7367

cmurray@murraylegalpllc.com
www.murraylegalpllc.com



Agreement and the Agreement contains an express reconciliation clause. As such, dismissal of the defendants' affirmative defenses is warranted under these circumstances.") (citations omitted); *Fora Fin. Asset Securitization 2021 LLC v. Ideal Comfort Heating & Cooling Corp.*, 2023 N.Y. Misc. LEXIS 3266, at *7-8 (Sup. Ct. Nassau Co. 2023) (". . . the Court finds that the Agreement is not a usurious loan . . ."). In short, the Plaintiff's Agreement has been consistently upheld as an enforceable purchase and sale of receivables, not a loan subject to any defense based on usury. Plaintiff's motion and pleading submit nothing that would suggest this Court would, could, or should depart from settled law rejecting their usury argument.

Indeed, Plaintiff's theory that alleged non-compliance with a reconciliation provision can retroactively convert a transaction into a loan is objectively wrong as a matter of law. *OriginClear Inc. v GTR Source, LLC*, 2021 U.S. Dist. LEXIS 239013 (W.D.N.Y. 2021) (distinguishing usury from breach of contract); *FCI Enters. Inc. v Richmond Capital Group, LLC*, 2019 NY Slip Op 30711[U] (Sup. Ct. Kings 2019) (explaining that "[t]he mere fact the complaint alleges the defendants failed to honor the reconciliation provisions of the agreement does not thereby render the debt as unenforceable under the RICO statute. If the agreement was not usurious at the outset no subsequent conduct can ab initio render the agreement usurious.").

### ii. Plaintiff's Second Claim Like Their Motion Lacks Basic Facts.

Plaintiff's second claim for breach of contract, like its motion papers, is lacking basic facts. Despite accusing Defendant of failing to perform a reconciliation, Plaintiff never actually alleged their receivables for any time period, or what the result was from any reconciliation. They just proclaim that Plaintiff "refused to reconcile altogether" (ECF Doc. 1, ¶86), while simultaneously showing that Fora's Assignee was repeatedly asking to reconcile based upon actual receivables. ECF Doc. 5-6, p.2; ECF Doc. 5-7. Plaintiff's contention that reconciliation was refused outright is rebutted by their own exhibits. Moreover, if one considers the actual transaction history, which Plaintiff fails to submit, one would see fluctuating payments based upon Plaintiff's receivables. **Exhibit A**.

Plaintiff's motion papers are utterly devoid of specific numbers as to reconciliation, let alone supporting documentation (e.g., bank statements). Indeed, Plaintiff's assertions about a refusal to reconcile are insufficient to even plead a claim because they fail to go beyond the barest of conclusory assertions. *Cloudfund LLC v Broughton Constr. Co. LLC*, 2023 N.Y. Misc. LEXIS 23043 (Sup. Ct. Nassau Cnty. Dec. 4, 2023) (noting that the counterclaimant failed to plead any facts as to "the amount of receivables paid that were subject to reconciliation and on what basis such reconciliation was appropriate."); *Velocity Capital Group LLC v Allstate Commer. Glass Inc.*, 2024 N.Y. Misc. LEXIS 5272, *8-9 (Sup. Ct. Kings Cnty. Aug. 23, 2024); *Byzfunder NY LLC v Octagon Constructors, LLC*, 2023 NY Slip Op 51016[U] (Sup. Ct. Nassau Cnty. 2023); *Cloudfund LLC v Golden W. Pool Repair & Spa Care Inc.*, 2023 N.Y. Misc. LEXIS 9512 (Sup. Ct. Queens County Oct. 23, 2023). Finally, Plaintiff does not allege facts tending to show any concrete injuries that are recoverable on a breach of contract claim.

  



### iii. Plaintiff's Third Claim Is Devoid of Particularity.

Plaintiff's third claim depends upon some third party (presumably a broker hired by Plaintiff) claiming that Fora would not file a UCC-1 statement and conclusory assertions about the nature of the transaction. The problem with all of this – aside from the lack of particularity about the communications (time, date, place, and specifics) or even clear quotes, is that none of these representations were made by Fora or its Assignee and no reasonable person reading the Agreement could have failed to have seen that the express terms expressly contradict these statements. Moreover, whether or not Plaintiff chose to read the document for 30 minutes or 30 days, there are no facts that support any suggestion that Fora deprived Plaintiff of an opportunity to review the contract with anyone. On the contrary, Fora sent the contract over by email on June 29, 2023. Plaintiff's decision to sign it within 30 minutes is wholly irrelevant to Plaintiff's breach of the contract over a year later. Finally, Plaintiff does not allege facts tending to show any concrete injuries that are recoverable on a fraud claim.

### C. The Balance of Equities Favors Denying Plaintiff's Motion.

Plaintiff's motion, like their pleading, never mentions the balance due on the Agreement. Their silence is because no reasonable person could believe the balance of equities favors Plaintiff when one considered the outstanding balance. Fora undisputedly paid the purchase price less fees for a total disbursement of $343,574.00 in June 2023, and purchased $502,964.00 in future receivables. As of the present, more than a year later there are $190,222.49 outstanding because Fora and its Assignee have collected only $312,741.51. **Even if one were to ignore the time value of money for more than a year, Plaintiff cannot dispute it is still the beneficiary of this transaction to the tune of tens of thousands of dollars at Fora and its Assignee's expense.** Granting Plaintiff's TRO request would compound the financial harm Plaintiff has caused to Fora and its Assignee while effectively depriving them of their best chance at even partial relief.

### D. If The Court Were To Grant A TRO, It Should Be Conditioned On Plaintiff First Posting A Bond for At Least $190,222.49.

Even assuming, arguendo, Plaintiff was correct and entitled to the TRO, such relief should be conditioned upon posting an undertaking in the amount to be determined by the court that would be sufficient to secure Fora's Assignee against the harm. "The court may issue a preliminary injunction ... only if the movant gives security in an amount the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained." Fed.R.Civ.P. 65(c). Where an injunction prevents commercial, money-making activities, as it does here, such a bond is required and will not be excused. *See Zambetti Fireworks Mfg. Co., Inc. v. Wood*, 592 F.3d 412, 426 (3d Cir. 2010). Plaintiff's TRO request seeks to strip Fora's Assignee of its contractual and statutory rights and deprive it of an opportunity to be made whole. At a minimum, a bond would be needed in the amount of $190,222.49 because that is the outstanding balance due to Fora's Assignee under the contract.


170 Old Country Road
Suite 608
Mineola, New York 11501


Office: 516-260-7367


cmurray@murraylegalpllc.com
www.murraylegalpllc.com



For the foregoing reasons, the Court should deny Plaintiff's motion in its entirety.

        Sincerely,

        /s/ Christopher R. Murray
        Christopher R. Murray, Esq.

170 Old Country Road
Suite 608
Mineola, New York 11501

Office: 516-260-7367

cmurray@murraylegalpllc.com
www.murraylegalpllc.com